Dear Chief Perkins:
This office is in receipt of your request for an opinion of the Attorney General in regard to certain authority of the Chief of Police. Relative to your first two questions, you point out that one of your employees had a triple bypass on February 19, 2003, and it has been brought to your attention that he may need to be off from work for more time than the allowed time he was given. Accordingly, you ask the following questions:
 1. Is it permissible for an elected Chief of Police, without seeking approval/from the mayor or city council, to allow one employee to donate vacation time or comp time to another employee?
 2. Does an elected Chief of Police have the authority to grant a limited or unlimited time off to an employee without being in violation of ethics or the Lawrason act? Is there a limit to the amount of time that can be given?
Additionally, you also ask as follows:
 3. During an election year for all city officials is it permitted for an elected Chief of Police to actively campaign during working hours? Is an elected Chief of Police allowed to use his city owned vehicle to campaign in?
In response to your first question we note in Atty. Gen. Op. 00-407 in answer to the question whether the sheriff and other deputies could donate portions of their vacation and sick leave to an injured deputy, this office concluded that the sheriff's office could implement a policy that allows for such donation prior to the transfer, citing Atty. Gen. Op. 94-509. It was found that leave was a personal benefit which may be transferred by a member of a teaching staff to a coworker if not prohibited by the rules of the school board.
However, the employee now in question is under civil service, and the question arises whether the civil service rules would prohibit the transfer of leave or limit the elected Chief of Police from granting the limited or unlimited time off. Relative to this Atty. Gen. Op. 82-1036 directed our attention to R.S. 33:2497 wherein the appointing authority is vested at all times with the right to regulate the time at which any employee may take leave, and noted that the "appointing authority" was the local municipal civil service board.
In the instant case we note that Title 33, Municipalities and Parishes, Chapter 5, Civil Service, Part III, Fire and Police Civil Service Law For Small Municipalities and for Parishes and Fire Protection Districts, R.S. 33:2557 provides as follows:
 The board shall adopt rules to provide for leaves of absence in the various classes of the classified service. Such rules shall provide for annual vacation and sick leaves with pay and for special leaves with or without pay. They may provide for special extended leave with or without pay or with reduced pay for employees disabled through injury or illness arising out of their employment. The right to regulate the time at which any employee may take an annual leave, or any other leave which is not beyond control of the employee, shall be vested at all times in the appointing authority.
In accordance with this provision we must conclude that the Chief of Police cannot allow employees to donate vacation time or comp time to another employee, nor does he have the authority to grant time off to an employee, but the leave is to be as set forth in the rules adopted by the Fire and Police Civil Service Board.
This is consistent with Atty. Gen. Op. 00-370 wherein this office stated inasmuch as Eunice had a population of less than thirteen thousand, the authority for establishment of leave policies is vested in the Eunice Municipal Fire and Police Civil Service Board pursuant to R.S. 33:2557.
A similar conclusion was reached in Atty. Gen. Op. 92-767 wherein this office stated that the Leesville Municipal Fire and Police Civil Service Board has exclusive authority to provide for annual and sick leave for fire and police personnel of the City, even when such rules are in conflict with an ordinance of the City Council, citing R.S. 33:2557.
In response to your question whether the Chief of Police can campaign during working hours, we note in Atty. Gen. Op. 97-246 this office stated as follows:
 "* * * (T)his office has consistently held that while an employee or chief of police of a police department may campaign as desired without resigning or taking leave from his or her position, this campaigning must not interfere with the performance of the officer's duties. See Opinion Nos. 96-236, 92-256, and 86-405. (Emphasis added.)
Subsequnetly, in Atty. Gen. Op. 02-292 this office declared a full-time deputy sheriff may run for elective office without taking a leave of absence or resigning his position "provided he fulfills his job duties and does not use official time for election activities."
With regard to the remainder of your question relative to permitting the elected Chief of Police use of his city owned vehicle to campaign, we find Atty. Gen. Ops. 02-27 pertinent wherein this office quoted Atty. Gen. Op. 82-1106 which provided as follows:
 Thus, it is our opinion that the chief of police has inherent authority to control city police vehicles. He has the authority to assign a police department vehicle to himself for police work but such police vehicle may not be used as a personal car by the chief of police unless this personal use has been authorized by the mayor and board of aldermen. However, because of their power to control and manage municipal property, it is also our opinion that the mayor and board of aldermen may specifically request that the village car be used by the chief of police only when he is working or conducting business relative to the municipal police department. (Emphasis added.)
Similarly, in Atty. Gen. Op. 00-404 this office concluded inasmuch as the chief of police has the inherent authority to control city police vehicles, the Council may not dictate where he parks the car, as this would be an infringement on the police chief's inherent powers. It then stated, "However, the personal use of a police vehicle must be approved by the council members", noting this was in accord with Atty. Gen. Ops. 99-27 and 96-475.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: June 12, 2003